

**FILED**

JUN 1 0 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFSHIN BAHRAMPOUR, )
)
Plaintiff, )
) Civil Action No.: 1:19-cv-01491 (UNA)
v. )
)
DIRECTOR OF NATIONAL )
INTELLIGENCE, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, Afshin Bahrampour, a prisoner designated to Clark County Detention Center, located in Las Vegas, Nevada, sues approximately 50 named defendants and hundreds of "John Does." The intended defendants range from various federal agencies, privately owned companies, committees, states, and foreign countries. While plaintiff lists a litany of statutes, clauses,

convention charters, acts, and amendments, the actual claims against defendants are unclear, as the prolix complaint consists of rambling and unconnected statements and allegations. Plaintiff appears to allege that defendants are all involved in a conspiracy to use an "electronic brain link on U.S. citizens for electronic surveillance," and that they have engaged in "warrantless eavesdropping" and "human radiation experiments."

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: June 7, 2019

/s/
United States District Judge
J. Boasberg